UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER CROOM, )
)
      Plaintiff, )
)
v. ) 16-4007
)
DAVID CLAGUE, *et al.,* )
)
      Defendants. )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

      The plaintiff, proceeding *pro se*, a pretrial detainee at the Knox County Jail, was granted leave to proceed *in forma pauperis*.  The case is now before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

      In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

      The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against Sheriff Clague, Jail Administrator Glossip, and Chief of Operations Abernathy asserting three claims.  First, Plaintiff claims that Defendants have violated his Due Process rights by failing to provide him with a hearing prior to placing him in disciplinary segregation.  Second, the plaintiff asserts an Equal Protection violation because the defendants treat white detainees better that black detainees.  For example, the defendants place black detainees (like plaintiff) in segregation but not white detainees.  Third, the plaintiff claims cruel and unusual punishment in that the defendants will not provide mental health services to him and other detainees.

      The plaintiff's claim that he was disciplined multiple times with first receiving a written statement, without a hearing, and without the right to call witnesses state a violation of his Due Process rights because these rights, as established in *Wolff v. McDonnell*, 418 U.S. 539 (19743), apply to pretrial detainees. *Rapier v. Harris,* 172 F.3d 9999, 1004-05 (7th Cir. 1999)("A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less.").  The plaintiff's allegations regarding the different treatment white detainees receive states an Equal Protection claim.  A

"prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that the prison officials intentionally and purposefully discriminated against him." *Meriwether v. Faulkner,* 821 F.2d 408, 415 n. 7 (7th Cir. 1987). To prove that the defendants violated the plaintiff's right to equal protection, the plaintiff must show that the defendants' actions both had a discriminatory effect and were motivated by a discriminatory intent. *Chavez v. Illinois State Police,* 251 F.3d 612, 635-36 (7th Cir. 2001). A person bringing an action under the Equal Protection Clause may not merely show that he was treated unfairly as an individual; "the gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of person aggrieved by the state's action." *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982). Finally, the plaintiff's claim that the defendants refused to provide him with mental health treatment states a deliberate indifference claim.

The plaintiff=s complaint does not contain any allegations against Dr. Williams or Nurse Amy, and they will be dismissed. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)(merely naming a defendant in the caption is insufficient to state a claim).

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff state claims for due process, equal protection, and deliberate indifference to a serious medical need in violation of the Fourteenth Amendment against defendants Sheriff Clague, Louis Glossip, and Brad Abernathy. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues

and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

      6.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      7.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

      8.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      9.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      10.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      11.      The clerk is directed to terminate Dr. Williams and Nurse Amy as defendants.

      12.      The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

      13.      Plaintiff's motion for counsel is denied [5], with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

      Entered this 19th day January, 2016.

      /s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE